IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:24-cv-86

| | |
|---|---|
| **21st MORTGAGE CORPORATION**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **NEIL CARMICHAEL BENDER, II;** | ) |
| **MATTHEW W. RING; ABBOTT PARK MHC** | ) |
| **LLC; ALAMAC VILLAGE MHP LLC;** | ) |
| **BRITTANY COURT MHP LLC; BULLOCK** | ) |
| **MHP LLC; CADILLAC RANCH MHC LLC** | ) |
| **f/k/a BIG C'S MHP LLC; CEDARBROOK** | ) |
| **ESTATES MHP LLC; CENTRAL PARK 2** | ) |
| **MHP LLC; CENTRAL PARK 3 MHP LLC;** | ) |
| **CITY VIEW MHC LLC; COUNTRYSIDE** | ) |
| **MHC LLC; DOGWOOD MHC, LLC;** | ) |
| **EAGLEWOOD MHP LLC; EASTVIEW MHC** | ) |
| **LLC; GRAND VALLEY MHP LLC; LAIKEN** | ) |
| **ESTATES MHC, LLC; LITTLEFIELD** | ) |
| **VILLAGE MHP LLC; MAPLE CREEK MHP** | ) **VERIFIED COMPLAINT** |
| **LLC; PATCH PLACE MHC LLC f/k/a MR** | ) |
| **PROPERTY GROUP LTD; PINE RUN PARK** | ) |
| **MHP LLC; PLEASANT HOPE MHC LLC f/k/a** | ) |
| **MEDITERRANEAN AVENUE, LLC;** | ) |
| **PRAIRIE KNOLLS MHP LLC; RIDGEFIELD** | ) |
| **MHC LLC; ROLLING ACRES MHC LLC** | ) |
| **f/k/a ROLLING HILLS MOBILE ESTATES** | ) |
| **MHC LLC; SCHOOLVIEW MHC, LLC;** | ) |
| **SCOTTSDALE MHP LLC; TAYLOR PARK** | ) |
| **MHC LLC; TIME OUT COMMUNITIES,** | ) |
| **LLC; TIME OUT PROPERTIES, LLC; TOP** | ) |
| **PARK SERVICES LLC f/k/a BRANDO** | ) |
| **MANAGEMENT SERVICES, LLC; TURNER** | ) |
| **PARK MHC, LLC; VICTORIA ESTATES,** | ) |
| **MHC LLC; WAYNESVILLE PLANTATION** | ) |
| **MHP LLC; WEST ESTATES MHC LLC f/k/a** | ) |
| **WEST PARK MHC LLC; and WYSTERIA** | ) |
| **VILLAGE MHC LLC f/k/a WISTERIA** | ) |
| **VILLAGE MHC LLC;** | ) |
| | ) |
| Defendants. | ) |

COMES NOW 21st Mortgage Corporation ("Plaintiff" or "21st Mortgage"), and for its Complaint against the Defendants, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for breach of a contract.

## JURISDICTION AND VENUE

2. Plaintiff is a corporation formed under the laws of the State of Delaware with a principal place of business in Tennessee.

3. Defendant Neil Carmichael Bender II ("Bender") is an adult citizen of the State of Florida.

4. Defendant Matthew W. Ring ("Ring") is an adult citizen of the State of Florida.

5. Defendant Abbott Park MHC LLC ("Abbott Park") is a limited liability company organized under the laws of North Carolina. On information and belief, Abbott Park is a citizen of the state of Florida for purposes of jurisdiction.

6. Defendant Alamac Village MHP LLC ("Alamac Village") is a limited liability company organized under the laws of North Carolina. On information and belief, Alamac Village is a citizen of the state of Florida for purposes of jurisdiction.

7. Defendant Brittany Court MHP LLC ("Brittany Court") is a limited liability company organized under the laws of Illinois. On information and belief, Brittany Court is a citizen of the state of Florida for purposes of jurisdiction.

8. Defendant Bullock MHP LLC ("Bullock") is a limited liability company organized under the laws of North Carolina. On information and belief, Bullock is a citizen of the state of Florida for purposes of jurisdiction.

2

9. Defendant Cadillac Ranch MHC LLC f/k/a Big C's MHP LLC ("Cadillac Ranch") is a limited liability company organized under the laws of North Carolina. On information and belief, Cadillac Ranch is a citizen of the state of Florida for purposes of jurisdiction.

10. Defendant Cedarbrook Estates MHP LLC ("Cedarbrook Estates") is a limited liability company organized under the laws of Illinois. On information and belief, Cedarbrook Estates is a citizen of the state of Florida for purposes of jurisdiction.

11. Defendant Central Park 2 MHP LLC ("Central Park 2") is a limited liability company organized under the laws of North Carolina. On information and belief Central Park 2 is a citizen of the state of Florida for purposes of jurisdiction.

12. Defendant Central Park 3 MHP LLC ("Central Park 3") is a limited liability company organized under the laws of North Carolina. On information and belief, Central Park 3 is a citizen of the state of Florida for purposes of jurisdiction.

13. Defendant City View MHC LLC ("City View") is a limited liability company organized under the laws of Illinois. On information and belief, City View is a citizen of the state of Florida for purposes of jurisdiction.

14. Defendant Countryside MHC LLC ("Countryside") is a limited liability company organized under the laws of North Carolina. On information and belief, Countryside is a citizen of the state of Florida for purposes of jurisdiction.

15. Defendant Dogwood MHC, LLC ("Dogwood") is a limited liability company organized under the laws of North Carolina. On information and belief, Dogwood is a citizen of the state of Florida for purposes of jurisdiction.

3

16.     Defendant Eaglewood MHP LLC ("Eaglewood") is a limited liability company organized under the laws of North Carolina. On information and belief, Eaglewood is a citizen of the state of Florida for purposes of jurisdiction.

17.     Defendant Eastview MHC LLC ("Eastview") is a limited liability company organized under the laws of North Carolina. On information and belief, Eastview is a citizen of the state of Florida for purposes of jurisdiction.

18.     Defendant Grand Valley MHP LLC ("Grand Valley") is a limited liability company organized under the laws of Illinois. On information and belief, Grand Valley is a citizen of the state of Florida for purposes of jurisdiction.

19.     Defendant Laiken Estates MHC, LLC ("Laiken Estates") is a limited liability company organized under the laws of North Carolina. On information and belief, Laiken Estates is a citizen of the state of Florida for purposes of jurisdiction.

20.     Defendant Littlefield Village MHP LLC ("Littlefield Village") is a limited liability company organized under the laws of North Carolina. On information and belief, Littlefield Village is a citizen of the state of Florida for purposes of jurisdiction.

21.     Defendant Maple Creek MHP LLC ("Maple Creek") is a limited liability company organized under the laws of Illinois. On information and belief, Maple Creek is a citizen of the state of Florida for purposes of jurisdiction.

22.     Defendant Patch Place MHC LLC f/k/a MR Property Group, LTD ("Patch Place") is a limited liability company organized under the laws of Ohio. On information and belief, Patch Place is a citizen of the state of Florida for purposes of jurisdiction.

23. Defendant Pine Run Park MHP LLC ("Pine Run Park") is a limited liability company organized under the laws of North Carolina. On information and belief, Pine Run Park is a citizen of the state of Florida for purposes of jurisdiction.

24. Defendant Pleasant Hope MHC LLC f/k/a Mediterranean Avenue, LLC ("Pleasant Hope") is a limited liability company organized under the laws of Delaware. On information and belief, Pleasant Hope is a citizen of the state of Florida for purposes of jurisdiction.

25. Defendant Prairie Knolls MHP LLC ("Prairie Knolls") is a limited liability company organized under the laws of Illinois. On information and belief, Prairie Knolls is a citizen of the state of Florida for purposes of jurisdiction.

26. Defendant Ridgefield MHC LLC ("Ridgefield") is a limited liability company organized under the laws of North Carolina. On information and belief, Ridgefield is a citizen of the state of Florida for purposes of jurisdiction.

27. Defendant Rolling Acres MHC LLC f/k/a/ Rolling Hills Mobile Estates MHC LLC ("Rolling Acres") is a limited liability company organized under the laws of Illinois. On information and belief, Rolling Acres is a citizen of the state of Florida for purposes of jurisdiction.

28. Defendant Schoolview MHC, LLC ("Schoolview") is a limited liability company organized under the laws of North Carolina. On information and belief, Schoolview is a citizen of the state of Florida for purposes of jurisdiction.

29. Defendant Scottsdale MHP LLC ("Scottsdale") is a limited liability company organized under the laws of Illinois. On information and belief, Scottsdale is a citizen of the state of Florida for purposes of jurisdiction.

30.     Defendant Taylor Park MHC LLC ("Taylor Park") is a limited liability company organized under the laws of North Carolina. On information and belief, Taylor Park is a citizen of the state of Florida for purposes of jurisdiction.

31.     Defendant Time Out Communities, LLC ("Time Out Communities") is a limited liability company organized under the laws of Delaware. On information and belief, Time Out Communities is a citizen of the state of Florida for purposes of jurisdiction.

32.     Defendant Time Out Properties, LLC ("Time Out Properties") is a limited liability company organized under the laws of Delaware. On information and belief, Time Out Properties is a citizen of the state of Florida for purposes of jurisdiction.

33.     Defendant Top Park Services LLC f/k/a Brando Management Services, LLC ("Top Park Services") is a limited liability company organized under the laws of Delaware. On information and belief, Top Park Services is a citizen of the state of Florida for purposes of jurisdiction.

34.     Defendant Turner Park MHC, LLC ("Turner Park") is a limited liability company organized under the laws of North Carolina. On information and belief, Turner Park is a citizen of the state of Florida for purposes of jurisdiction.

35.     Defendant Victoria Estates MHC, LLC ("Victoria Estates") is a limited liability company organized under the laws of North Carolina. On information and belief, Victoria Estates is a citizen of the state of Florida for purposes of jurisdiction.

36.     Defendant Waynesville Plantation MHP LLC ("Waynesville Plantation") is a limited liability company organized under the laws of North Carolina. On information and belief, Waynesville Plantation is a citizen of the state of Florida for purposes of jurisdiction.

37.     Defendant West Estates MHC LLC f/k/a West Park MHC LLC ("West Estates") is a limited liability company organized under the laws of North Carolina. On information and belief, West Estates is a citizen of the state of Florida for purposes of jurisdiction.

38.     Defendant Wysteria Village MHC LLC f/k/a Wisteria Village MHC LLC ("Wysteria Village") is a limited liability company organized under the laws of North Carolina. On information and belief, Wysteria Village is a citizen of the state of Florida for purposes of jurisdiction.

39.     This Court has jurisdiction over this action under 28 U.S.C. § 1332.  Plaintiff and Defendants are citizens of different states.   The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

40.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

41.     TOPPOS, LLC ("TOPPOS") is a limited liability company organized under the laws of Delaware. On information and belief, Bender is the sole member of TOPPOS.

42.     On information and belief, TOPPOS owns over 1,500 manufactured homes located in various manufactured home parks in and throughout North Carolina and Illinois.

### The CASH Agreement

43.     On or about June 8, 2018, certain parties executed a Communities Affordable Speculative Home Inventory Finance Agreement and Promissory Note in the capacities stated below:

      a.    Plaintiff 21st Mortgage as "Lender"
      b.    Non-party 21st Communities, Inc. as "Supplier"
      c.    Defendant Time Out Communities as "Retailer"
      d.    The following Defendants as "Guarantor":
          i.  Time Out Properties
         ii.  Top Park Services (then known as Brando Management Services LLC)

7

      iii.   Abbott Park
      iv.   Alamac Village
       v.   Cadillac Ranch (then known as Big C's MHP LLC)
      vi.   Brittany Court
     vii.   Bullock
    viii.   Cedarbrook Estates
      ix.   Central Park 2
       x.   Central Park 3
      xi.   City View
     xii.   Eaglewood
    xiii.   Grand Valley
    xiv.   Littlefield Village
     xv.   Maple Creek
    xvi.   Pleasant Hope (then known as Mediterranean Avenue, LLC)
   xvii.   Patch Place (then known as MR Property Group, LTD)
  xviii.   Pine Run Park
    xix.   Prairie Knolls
     xx.   Rolling Acres (then known as Rolling Hills Mobile Estates MHC LLC)
    xxi.   Scottsdale
   xxii.   Taylor Park
  xxiii.   Waynesville Plantation
  xxiv.   West Estates (then known as West Park MHC LLC)
   xxv.   Wysteria Village (then known as Wisteria Village MHC LLC)
  xxvi.   Bender
 xxvii.   Ring

A true and correct copy of the Communities Affordable Speculative Home Inventory Finance Agreement and Promissory Note is attached hereto as **Exhibit 1** and incorporated by reference.

44.      On or about February 25, 2019, certain parties executed an Addendum ("Addendum") to the Communities Affordable Speculative Home Inventory Finance Agreement and Promissory Note (together with the Addendum, the "CASH Agreement") in the capacities stated below:

    a.  Plaintiff 21st Mortgage as "Lender"
    b.  21st Communities, Inc. as "Supplier"
    c.  Defendant Time Out Communities as "Retailer"
    d.  TOPPOS as "Retailer"
    e.  The following Defendants as "Guarantor":
       i.  Time Out Properties
      ii.  Top Park Services (then known as Brando Management Services LLC)

8

iii. Abbott Park
iv. Alamac Village
v. Cadillac Ranch (then known as Big C's MHP LLC)
vi. Brittany Court
vii. Bullock
viii. Cedarbrook Estates
ix. Central Park 2
x. Central Park 3
xi. City View
xii. Eaglewood
xiii. Grand Valley
xiv. Littlefield Village
xv. Maple Creek
xvi. Pleasant Hope (then known as Mediterranean Avenue, LLC)
xvii. Patch Place (then known as MR Property Group, LTD)
xviii. Pine Run Park
xix. Prairie Knolls
xx. Rolling Acres (then known as Rolling Hills Mobile Estates MHC LLC)
xxi. Scottsdale
xxii. Taylor Park
xxiii. Waynesville Plantation
xxiv. West Estates (then known as West Park MHC LLC)
xxv. Wysteria Village (then known as Wisteria Village MHC LLC)
xxvi. Bender
xxvii. Ring

A true and correct copy of the Addendum is attached hereto as **Exhibit 2** and incorporated by reference.

45. The purpose of the CASH Agreement was to establish terms under which Plaintiff would finance manufactured home purchases by Time Out Communities or by TOPPOS.

46. Following execution of the CASH Agreement, 21st Mortgage made loans to finance the purchase of over 250 manufactured homes by TOPPOS ("Manufactured Homes").

47. TOPPOS granted a security interest to 21st Mortgage on the Manufactured Homes it financed to secure repayment of the loans.

9

48.     On information and belief, once TOPPOS purchased Manufactured Homes financed by Plaintiff, TOPPOS leased those homes to Defendant Top Park Services or another company affiliated with TOPPOS by common ownership.

49.     On information and belief, Defendant Top Park Services or another company affiliated with TOPPOS by common ownership caused each Manufactured Home financed by Plaintiff to be set up on real property owned by one of the Defendants who operated a manufactured home park or community North Carolina or Illinois.

50.     The Manufactured Homes financed by Plaintiff were rented or intended to be rented to individual consumers after the Manufactured Homes were set up on real property owned by one of the Defendants who operated a manufactured home park or community.

51.     On October 5, 2023, TOPPOS filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina, Case No. 23-02889-5-PWM.

**The Promissory Notes**

52.     When TOPPOS purchased one or more Manufactured Homes financed by Plaintiff, TOPPOS executed a document titled "Consumer Loan Note, Security Agreement and Disclosure Statement" payable to Plaintiff as Lender.

53.     TOPPOS executed the following sixty-two (62) Consumer Loan Note, Security Agreement and Disclosure Statements payable to Plaintiff (the "Promissory Notes"):

    a.  On February 28, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $1,045,672.39, with interest to accrue at the yearly rate of 7.49% per annum ("Loan No. x3190"). A true and correct copy of this Note is attached hereto as **Exhibit 3** and incorporated by reference. The balance due to Plaintiff on Loan No. x3190 as of October 5, 2023 was $918,652.34, and interest and fees have continued to accrue since that date.

10

b. On May 9, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $32,402.67, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x8305"). A true and correct copy of this Note is attached hereto as **Exhibit 4** and incorporated by reference. The balance due to Plaintiff on Loan No. x8305 as of October 5, 2023 was $24,899.29, and interest and fees have continued to accrue since that date.

c. On May 9, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $32,402.67, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x8306"). A true and correct copy of this Note is attached hereto as **Exhibit 5** and incorporated by reference. The balance due to Plaintiff on Loan No. x8306 as of October 5, 2023 was $24,899.29, and interest and fees have continued to accrue since that date.

d. On May 9, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $32,402.67, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x8312"). A true and correct copy of this Note is attached hereto as **Exhibit 6** and incorporated by reference. The balance due to Plaintiff on Loan No. x8312 as of October 5, 2023 was $24,899.29, and interest and fees have continued to accrue since that date.

e. On May 9, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $218,736.56, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x8345"). A true and correct copy of this Note is attached hereto as **Exhibit 7** and incorporated by reference. The balance due to Plaintiff on Loan No. x8345 as of October 5, 2023 was $131,623.79, and interest and fees have continued to accrue since that date.

f. On May 10, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $148,689.06, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x8395"). A true and correct copy of this Note is attached hereto as **Exhibit 8** and incorporated by reference. The balance due to Plaintiff on Loan No. x8395 as of October 5, 2023 was $113,127.39, and interest and fees have continued to accrue since that date.

g. On May 10, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $329,139.11, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x8420"). A true and correct copy of this Note is attached hereto as **Exhibit 9** and incorporated by reference. The balance due to Plaintiff on Loan No. x8420 as of October 5, 2023 was $172,222.21, and interest and fees have continued to accrue since that date.

h. On May 15, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $185,615.22, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x8658"). A true and correct copy of this Note is attached hereto as **Exhibit 10** and incorporated by reference. The balance due to Plaintiff on Loan No. x8658 as of October 5, 2023 was $135,896.39, and interest and fees have continued to accrue since that date.

i. On May 16, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $294,127.00, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x8729"). A true and correct copy of this Note is attached hereto as **Exhibit 11** and incorporated by reference. The balance due to Plaintiff on Loan No. x8729 as of October 5, 2023 was $189,014.72, and interest and fees have continued to accrue since that date.

j. On May 22, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $32,402.67, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x9328"). A true and correct copy of this Note is attached hereto as **Exhibit 12** and incorporated by reference. The balance due to Plaintiff on Loan No. x9328 as of October 5, 2023 was $25,047.05, and interest and fees have continued to accrue since that date.

k. On May 31, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $41,235.28, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x0278"). A true and correct copy of this Note is attached hereto as **Exhibit 13** and incorporated by reference. The balance due to Plaintiff on Loan No. x0278 as of October 5, 2023 was $30,561.77, and interest and fees have continued to accrue since that date.

l. On June 10, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $32,402.67, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x0840"). A true and correct copy of this Note is attached hereto as **Exhibit 14** and incorporated by reference. The balance due to Plaintiff on Loan No. x0840 as of October 5, 2023 was $25,297.99, and interest and fees have continued to accrue since that date.

m. On June 10, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $29,592.78, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x0841"). A true and correct copy of this Note is attached hereto as **Exhibit 15** and incorporated by reference. The balance due to Plaintiff on Loan No. x0841 as of October 5, 2023 was $23,101.86, and interest and fees have continued to accrue since that date.

12

n.  On June 11, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $470,888.89, with interest to accrue at the yearly rate of 7.49% per annum ("Loan No. x0884"). A true and correct copy of this Note is attached hereto as **Exhibit 16** and incorporated by reference. The balance due to Plaintiff on Loan No. x0884 as of October 5, 2023 was $353,545.73, and interest and fees have continued to accrue since that date.

o.  On June 12, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $26,926.44, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x0981"). A true and correct copy of this Note is attached hereto as **Exhibit 17** and incorporated by reference. The balance due to Plaintiff on Loan No. x0981 as of October 5, 2023 was $21,023.66, and interest and fees have continued to accrue since that date.

p.  On June 12, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $95,532.06, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x0982"). A true and correct copy of this Note is attached hereto as **Exhibit 18** and incorporated by reference. The balance due to Plaintiff on Loan No. x0982 as of October 5, 2023 was $74,572.61, and interest and fees have continued to accrue since that date.

q.  On June 12, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $176,182.78, with interest to accrue at the yearly rate of 7.74% per annum ("Loan No. x0990"). A true and correct copy of this Note is attached hereto as **Exhibit 19** and incorporated by reference. The balance due to Plaintiff on Loan No. x0990 as of October 5, 2023 was $104,305.27, and interest and fees have continued to accrue since that date.

r.  On June 12, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $23,000.83, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x0984"). A true and correct copy of this Note is attached hereto as **Exhibit 20** and incorporated by reference. The balance due to Plaintiff on Loan No. x0984 as of October 5, 2023 was $17,959.04, and interest and fees have continued to accrue since that date.

s.  On June 13, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $22,853.06, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x1124"). A true and correct copy of this Note is attached hereto as **Exhibit 21** and incorporated by reference. The balance due to Plaintiff on Loan No. x1124 as of October 5, 2023 was $17,843.82, and interest and fees have continued to accrue since that date.

13

t. On June 13, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $109,402.00, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x1129"). A true and correct copy of this Note is attached hereto as **Exhibit 22** and incorporated by reference. The balance due to Plaintiff on Loan No. x1129 as of October 5, 2023 was $84,667.23, and interest and fees have continued to accrue since that date.

u. On June 13, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $26,926.44, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x1136"). A true and correct copy of this Note is attached hereto as **Exhibit 23** and incorporated by reference. The balance due to Plaintiff on Loan No. x1136 as of October 5, 2023 was $21,023.66, and interest and fees have continued to accrue since that date.

v. On June 14, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $32,402.67, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x1332"). A true and correct copy of this Note is attached hereto as **Exhibit 24** and incorporated by reference. The balance due to Plaintiff on Loan No. x1332 as of October 5, 2023 was $25,297.99, and interest and fees have continued to accrue since that date.

w. On June 16, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $27,033.83, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x1313"). A true and correct copy of this Note is attached hereto as **Exhibit 25** and incorporated by reference. The balance due to Plaintiff on Loan No. x1313 as of October 5, 2023 was $19,839.45, and interest and fees have continued to accrue since that date.

x. On July 17, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $26,926.44, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x3690"). A true and correct copy of this Note is attached hereto as **Exhibit 26** and incorporated by reference. The balance due to Plaintiff on Loan No. x3690 as of October 5, 2023 was $21,230.81, and interest and fees have continued to accrue since that date.

y. On July 22, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $111,704.17, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x4062"). A true and correct copy of this Note is attached hereto as **Exhibit 27** and incorporated by reference. The balance due to Plaintiff on Loan No. x4062 as of October 5, 2023 was $90,150.68, and interest and fees have continued to accrue since that date.

14

z.　On July 26, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $759,693.90, with interest to accrue at the yearly rate of 7.49% per annum ("Loan No. x4622"). A true and correct copy of this Note is attached hereto as **Exhibit 28** and incorporated by reference. The balance due to Plaintiff on Loan No. x4622 as of October 5, 2023 was $584,185.34, and interest and fees have continued to accrue since that date.

aa.　On July 31, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $507,891.10, with interest to accrue at the yearly rate of 7.49% per annum ("Loan No. x4950"). A true and correct copy of this Note is attached hereto as **Exhibit 29** and incorporated by reference. The balance due to Plaintiff on Loan No. x4950 as of October 5, 2023 was $396,628.21, and interest and fees have continued to accrue since that date.

bb.　On September 20, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $37,219.00, with interest to accrue at the yearly rate of 8.99% per annum ("Loan No. x8978"). A true and correct copy of this Note is attached hereto as **Exhibit 30** and incorporated by reference. The balance due to Plaintiff on Loan No. x8978 as of October 5, 2023 was $29,040.56, and interest and fees have continued to accrue since that date.

cc.　On October 30, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $173,139.75, with interest to accrue at the yearly rate of 8.74% per annum ("Loan No. x2202"). A true and correct copy of this Note is attached hereto as **Exhibit 31** and incorporated by reference. The balance due to Plaintiff on Loan No. x2202 as of October 5, 2023 was $143,158.18, and interest and fees have continued to accrue since that date.

dd.　On November 21, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $26,785.00, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x3629"). A true and correct copy of this Note is attached hereto as **Exhibit 32** and incorporated by reference. The balance due to Plaintiff on Loan No. x3629 as of October 5, 2023 was $21,929.74, and interest and fees have continued to accrue since that date.

ee.　On November 21, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $27,060.10, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x3637"). A true and correct copy of this Note is attached hereto as **Exhibit 33** and

incorporated by reference. The balance due to Plaintiff on Loan No. x3637 as of October 5, 2023 was $22,342.96, and interest and fees have continued to accrue since that date.

ff. On November 21, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $27,060.10, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x3630"). A true and correct copy of this Note is attached hereto as **Exhibit 34** and incorporated by reference. The balance due to Plaintiff on Loan No. x3630 as of October 5, 2023 was $22,155.09, and interest and fees have continued to accrue since that date.

gg. On November 21, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $23,341.00, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x3635"). A true and correct copy of this Note is attached hereto as **Exhibit 35** and incorporated by reference. The balance due to Plaintiff on Loan No. x3635 as of October 5, 2023 was $19,110.65, and interest and fees have continued to accrue since that date.

hh. On November 22, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $23,165.65, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x3649"). A true and correct copy of this Note is attached hereto as **Exhibit 36** and incorporated by reference. The balance due to Plaintiff on Loan No. x3649 as of October 5, 2023 was $18,967.09, and interest and fees have continued to accrue since that date.

ii. On November 22, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $28,717.00, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x3655"). A true and correct copy of this Note is attached hereto as **Exhibit 37** and incorporated by reference. The balance due to Plaintiff on Loan No. x3655 as of October 5, 2023 was $23,511.16, and interest and fees have continued to accrue since that date.

jj. On November 27, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $22,736.20, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x4263"). A true and correct copy of this Note is attached hereto as **Exhibit 38** and incorporated by reference. The balance due to Plaintiff on Loan No. x4263 as of October 5, 2023 was $18,615.75, and interest and fees have continued to

16

accrue since that date, and interest and fees have continued to accrue since that date.

kk. On December 30, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $23,165.65, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x6336"). A true and correct copy of this Note is attached hereto as **Exhibit 39** and incorporated by reference. The balance due to Plaintiff on Loan No. x6336 as of October 5, 2023 was $19,299.20, and interest and fees have continued to accrue since that date.

ll. On December 30, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $22,773.70, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x6353"). A true and correct copy of this Note is attached hereto as **Exhibit 40** and incorporated by reference. The balance due to Plaintiff on Loan No. x6353 as of October 5, 2023 was $18,972.88, and interest and fees have continued to accrue since that date.

mm.   On December 31, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $22,741.45, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x6367"). A true and correct copy of this Note is attached hereto as **Exhibit 41** and incorporated by reference. The balance due to Plaintiff on Loan No. x6367 as of October 5, 2023 was $18,945.95, and interest and fees have continued to accrue since that date.

nn. On December 31, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $22,775.05, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x6563"). A true and correct copy of this Note is attached hereto as **Exhibit 42** and incorporated by reference. The balance due to Plaintiff on Loan No. x6563 as of October 5, 2023 was $18,973.86, and interest and fees have continued to accrue since that date.

oo. On December 31, 2019, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $53,894.10, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x6589"). A true and correct copy of this Note is attached hereto as **Exhibit 43** and incorporated by reference. The balance due to Plaintiff on Loan No. x6589 as of October 5, 2023 was $41,672.92, and interest and fees have continued to accrue since that date.

pp. On January 7, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $76,765.20, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x6814"). A true and correct copy of this Note is attached hereto as **Exhibit 44** and incorporated by reference. The balance due to Plaintiff on Loan No. x6814 as of October 5, 2023 was $59,355.49, and interest and fees have continued to accrue since that date.

qq. On January 7, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $9,212.23, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x6854"). A true and correct copy of this Note is attached hereto as **Exhibit 45** and incorporated by reference. The balance due to Plaintiff on Loan No. x6854 as of October 5, 2023 was $7,386.98, and interest and fees have continued to accrue since that date.

rr. On January 8, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $22,721.50, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x6979"). A true and correct copy of this Note is attached hereto as **Exhibit 46** and incorporated by reference. The balance due to Plaintiff on Loan No. x6979 as of October 5, 2023 was $18,929.35, and interest and fees have continued to accrue since that date.

ss. On January 23, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $10,382.57, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x7720"). A true and correct copy of this Note is attached hereto as **Exhibit 47** and incorporated by reference. The balance due to Plaintiff on Loan No. x7720 as of October 5, 2023 was $8,455.61, and interest and fees have continued to accrue since that date.

tt. On January 31, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $18,334.36, with interest to accrue at the yearly rate of 7.99% per annum ("Loan No. x8529"). A true and correct copy of this Note is attached hereto as **Exhibit 48** and incorporated by reference. The balance due to Plaintiff on Loan No. x8529 as of October 5, 2023 was $14,894.83, and interest and fees have continued to accrue since that date.

uu. On April 21, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $25,125.81, with interest to accrue at the yearly rate of 7% per annum ("Loan No. x4523"). A true and correct copy of this Note is attached hereto as **Exhibit 49** and incorporated by reference. The balance due to Plaintiff on Loan No. x4523 as of October 5, 2023 was $20,510.54, and interest and fees have continued to accrue since that date.

18

vv. On May 4, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $13,668.35, with interest to accrue at the yearly rate of 7.5% per annum ("Loan No. x5533"). A true and correct copy of this Note is attached hereto as **Exhibit 50** and incorporated by reference. The balance due to Plaintiff on Loan No. x5533 as of October 5, 2023 was $11,310.07, and interest and fees have continued to accrue since that date.

ww.　On May 28, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $25,354.57, with interest to accrue at the yearly rate of 7.5% per annum ("Loan No. x7239"). A true and correct copy of this Note is attached hereto as **Exhibit 51** and incorporated by reference. The balance due to Plaintiff on Loan No. x7239 as of October 5, 2023 was $20,391.04, and interest and fees have continued to accrue since that date.

xx. On May 29, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $23,824.44, with interest to accrue at the yearly rate of 7.5% per annum ("Loan No. x7301"). A true and correct copy of this Note is attached hereto as **Exhibit 52** and incorporated by reference. The balance due to Plaintiff on Loan No. x7301 as of October 5, 2023 was $19,602.45, and interest and fees have continued to accrue since that date.

yy. On May 29, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $16,834.44, with interest to accrue at the yearly rate of 7.5% per annum ("Loan No. x7317"). A true and correct copy of this Note is attached hereto as **Exhibit 53** and incorporated by reference. The balance due to Plaintiff on Loan No. x7317 as of October 5, 2023 was $13,699.65, and interest and fees have continued to accrue since that date.

zz. On June 2, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $13,588.91, with interest to accrue at the yearly rate of 7.5% per annum ("Loan No. x8655"). A true and correct copy of this Note is attached hereto as **Exhibit 54** and incorporated by reference. The balance due to Plaintiff on Loan No. x8655 as of October 5, 2023 was $11,274.76, and interest and fees have continued to accrue since that date.

aaa. On June 2, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $547,155.55, with interest to accrue at the yearly rate of 6.24% per annum ("Loan No. x8674"). A true and correct copy of this Note is attached hereto as **Exhibit 55** and incorporated by reference. The balance due to Plaintiff on Loan No. x8674 as of October 5,

2023 was $448,711.07, and interest and fees have continued to accrue since that date.

bbb. On June 2, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $20,786.61, with interest to accrue at the yearly rate of 7.5% per annum ("Loan No. x8678"). A true and correct copy of this Note is attached hereto as **Exhibit 56** and incorporated by reference. The balance due to Plaintiff on Loan No. x8678 as of October 5, 2023 was $17,342.03, and interest and fees have continued to accrue since that date.

ccc. On June 2, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $197,320.48, with interest to accrue at the yearly rate of 6.62% per annum ("Loan No. x8684"). A true and correct copy of this Note is attached hereto as **Exhibit 57** and incorporated by reference. The balance due to Plaintiff on Loan No. x8684 as of October 5, 2023 was $166,519.52, and interest and fees have continued to accrue since that date.

ddd. On June 3, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $76,233.35, with interest to accrue at the yearly rate of 7% per annum ("Loan No. x8726"). A true and correct copy of this Note is attached hereto as **Exhibit 58** and incorporated by reference. The balance due to Plaintiff on Loan No. x8726 as of October 5, 2023 was $64,995.16, and interest and fees have continued to accrue since that date.

eee. On July 20, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $23,133.83, with interest to accrue at the yearly rate of 7% per annum ("Loan No. x2097"). A true and correct copy of this Note is attached hereto as **Exhibit 59** and incorporated by reference. The balance due to Plaintiff on Loan No. x2097 as of October 5, 2023 was $20,008.43, and interest and fees have continued to accrue since that date.

fff. On July 22, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $125,370.78, with interest to accrue at the yearly rate of 7% per annum ("Loan No. x2554"). A true and correct copy of this Note is attached hereto as **Exhibit 60** and incorporated by reference. The balance due to Plaintiff on Loan No. x2554 as of October 5, 2023 was $107,405.21, and interest and fees have continued to accrue since that date.

ggg. On July 24, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $22,856.22, with interest to accrue at the yearly rate of 7% per annum ("Loan No. x2653"). A true and correct copy of this Note is attached hereto as **Exhibit 61** and incorporated by reference. The balance due to Plaintiff on Loan No. x2653 as of October 5, 2023 was $19,768.43, and interest and fees have continued to accrue since that date.

hhh. On July 24, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $76,691.17, with interest to accrue at the yearly rate of 7% per annum ("Loan No. x2671"). A true and correct copy of this Note is attached hereto as **Exhibit 62** and incorporated by reference. The balance due to Plaintiff on Loan No. x2671 as of October 5, 2023 was $66,315.56, and interest and fees have continued to accrue since that date.

iii. On December 18, 2020, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $28,146.35, with interest to accrue at the yearly rate of 7.5% per annum ("Loan No. x1342"). A true and correct copy of this Note is attached hereto as **Exhibit 63** and incorporated by reference. The balance due to Plaintiff on Loan No. x1342 as of October 5, 2023 was $24,676.93, and interest and fees have continued to accrue since that date.

jjj. On May 31, 2021, TOPPOS, as Borrower, executed a Consumer Loan Note, Security Agreement and Disclosure Statement payable to Plaintiff as Lender, evidencing a loan in the original principal amount of $23,524.63, with interest to accrue at the yearly rate of 6.24% per annum ("Loan No. x8250"). A true and correct copy of this Note is attached hereto as **Exhibit 64** and incorporated by reference. The balance due to Plaintiff on Loan No. x8250 as of October 5, 2023 was $20,885.99, and interest and fees have continued to accrue since that date.

54. TOPPOS promised to make monthly payments to Plaintiff as stated in each of the Promissory Notes.

## Events of Default

55. In April 2023, TOPPOS began defaulting on monthly payments due to Plaintiff under the Promissory Notes.

56.	Between May 9, 2023 and September 7, 2023, Plaintiff mailed to TOPPOS written notice of default and right to cure the default on each Promissory Note, but TOPPOS did not cure the default on any of the Promissory Notes within thirty (30) days after the notice, and still has not cured the default on any of the Promissory Notes.

57.	As of February 14, 2024, a balance remains due from TOPPOS to Plaintiff on each of the Promissory Notes.

58.	As a result of TOPPOS' failure to make timely payments on the Promissory Notes as agreed and failure to cure the defaults, an event of default occurred under each of the Promissory Notes.

59.	Following TOPPOS' default under the Promissory Notes, Plaintiff exercised its right to accelerate the maturity of the balance due from TOPPOS on each of the Promissory Notes.

60.	Each Promissory Note states: "In the event of default, Borrower also agrees to pay Lender's expenses for (a) reasonable attorney's fees permitted under law after referral to an attorney who is not a salaried employee of the Lender; (b) court costs and disbursements; and (c) costs of repossessing the Manufactured Home including the costs of storage, reconditioning, and resale."

61.	Events of default have occurred under the CASH Agreement.

62.	Pursuant to paragraph 20 of the CASH Agreement, a default by Retailers TOPPOS or Time Out Communities under any agreement with Plaintiff other than the CASH Agreement shall constitute a default under the CASH Agreement.

63.	Pursuant to paragraph 21(a) of the CASH Agreement, it is an event of default if Retailer TOPPOS or Retailer Time Out Communities fails to pay any portion of its debts to Plaintiff when due and payable.

64. Pursuant to paragraph 21(b) of the CASH Agreement, it is an event of default if Retailer TOPPOS, Retailer Time Out Communities, or any of the Defendant Guarantors fail to perform any obligations to Plaintiff under the CASH Agreement or any other agreement between Plaintiff and Retailer TOPPOS or Retailer Time Out Communities.

65. The default by TOPPOS on each of the Promissory Notes constitutes a default under the CASH Agreement.

66. Pursuant to paragraph 21(d) of the CASH Agreement, the dissolution of any Retailer or Guarantor is an event of default.

67. On information and belief, Defendants Bullock, Cadillac Ranch, Countryside, Eastview, Littlefield Village, Pleasant Hope, Ridgefield, Time Out Properties, and Victoria Estates have been dissolved.

68. The dissolution of Defendants Bullock, Cadillac Ranch, Countryside, Eastview, Littlefield Village, Pleasant Hope, Ridgefield, Time Out Properties, and Victoria Estates constitute events of default under the CASH Agreement.

69. Pursuant to paragraph 21(f) of the CASH Agreement, it is an event of default if any Retailer or Guarantor files a petition in bankruptcy.

70. An event of default occurred under the CASH Agreement when TOPPOS filed its voluntary bankruptcy petition on October 5, 2023.

71. Pursuant to paragraph 21(g) of the CASH Agreement, it is an event of default if any tax authority obtains a judgment or lien against any Retailer or Guarantor that remains outstanding for more than 30 days.

72. An event of default has occurred under the CASH Agreement because the Tax Collector of Robeson County, North Carolina has asserted a personal property tax lien against

23

TOPPOS in the amount of $585,289.74 ($58,766.41 of which is alleged to be a secured claim and $526,523.33 alleged to be an unsecured claim) as set forth in the Proof of Claim that the County filed in TOPPOS' bankruptcy case. A true and correct copy of Robeson County's Proof of Claim is attached hereto as **Exhibit 65** and incorporated by reference.

73.     An event of default has occurred under the CASH Agreement because the Tax Collector of Sampson County, North Carolina has asserted a personal property tax lien against TOPPOS in the amount of $34,475.42 ($7,523.31 of which is alleged to be a secured claim and $26,952.11 alleged to be an unsecured claim) as set forth in the Proof of Claim that the County filed in TOPPOS' bankruptcy case. A true and correct copy of Sampson County's Proof of Claim is attached hereto as **Exhibit 66** and incorporated by reference.

74.     Pursuant to paragraph 21(i) of the CASH Agreement, it constitutes an event of default if any material reduction in the value of the collateral occurs due to failure of Retailer to properly maintain the collateral.

75.     Based on inspections conducted by or on behalf of Plaintiff in 2023 and 2024, many of the Manufactured Homes that are subject to Plaintiff's lien and constitute collateral under the CASH Agreement have not been maintained by TOPPOS in a manner consistent with industry standards and are in substantial disrepair, resulting in material reduction in the value of those Manufactured Homes and an event of default under the CASH Agreement.

76.     The CASH Agreement states in paragraph 22(f): "Retailer shall pay all costs incurred by Supplier and Lender in the collection of any indebtedness or liabilities owed to Supplier or Lender by Retailer and the enforcement of any obligations of Retailer to Supplier and Lender, including the costs of repossession, reasonable attorney's fees and other legal expenses, and reasonable costs of maintenance, possession and sale of the Collateral."

24

77.     Pursuant to paragraph 23 of the CASH Agreement, the following Defendant Guarantors personally guaranteed the performance of TOPPOS to the terms of the CASH Agreement: Time Out Properties; Top Park Services (then known as Brando Management Services LLC); Abbott Park; Alamac Village; Cadillac Ranch (then known as Big C's MHP LLC); Brittany Court; Bullock; Cedarbrook Estates; Central Park 2; Central Park 3; City View; Eaglewood; Grand Valley; Littlefield Village; Maple Creek; Pleasant Hope (then known as Mediterranean Avenue, LLC); Patch Place (then known as MR Property Group, LTD); Pine Run Park; Prairie Knolls; Rolling Acres (then known as Rolling Hills Mobile Estates MHC LLC); Scottsdale; Taylor Park; Waynesville Plantation; West Estates (then known as West Park MHC LLC); Wysteria Village (then known as Wisteria Village MHC LLC); Bender; and Ring.

78.     Pursuant to paragraph 23 of the CASH Agreement, upon the institution of bankruptcy proceedings by TOPPOS, all of the TOPPOS indebtedness under the CASH Agreement immediately became due and payable from Guarantors.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

79.     The allegations in paragraphs 1 through 78 of this Complaint are realleged and incorporated herein by reference as if fully set forth.

80.     The CASH Agreement is a valid and enforceable contract between Plaintiff and Defendants.

81.     Plaintiff has fulfilled and performed its obligations under the CASH Agreement.

82.     The events of default that occurred under the CASH Agreement as set out herein, including failure to make payments as and when due under the terms of the Promissory Notes, constitute breaches of the CASH Agreement by Defendants.

25

83.     Despite Plaintiff's demand, Defendants have failed to perform and remain in breach of their obligations under the CASH Agreement.

84.     As a result of Defendants' breach of the CASH Agreement, Plaintiff has suffered damages as set out herein.

85.     All amounts due and owing under the Promissory Notes and CASH Agreement are immediately due and payable from Defendants.

86.     Plaintiff is entitled to a judgment against Defendants for damages in the amount of $5,269,806.40 as of October 5, 2023, plus interest from and after October 5, 2023 until paid in full, plus late fees, protective advances, and costs including, without limitation, the costs of securing, maintaining, repossession and sale of the Manufactured Homes, Plaintiff's attorney's fees and expenses incurred in enforcing its rights and collecting the indebtedness due under the CASH Agreement, minus credit for any payments received from Defendants since October 5, 2023.

**WHEREFORE**, Plaintiff prays to the Court as follows:

1.  That it have and recover a judgment against Defendants for damages in the amount of $5,269,806.40 as of October 5, 2023, plus interest from and after October 5, 2023 until paid in full, plus late fees, protective advances, and costs including, without limitation, the costs of securing, maintaining, repossession and sale of the Manufactured Homes, Plaintiff's attorney's fees and expenses incurred in enforcing its rights and collecting the indebtedness due under the CASH Agreement, minus credit for any payments received from Defendants since October 5, 2023;

2.  That the costs of this action be taxed against Defendants; and

3.  For such other and further relief as the Court deems just and proper.

This the 15th day of February, 2024.          /s/ Lisa P. Sumner
                                              Lisa P. Sumner
                                              N.C. State Bar No. 22838
                                              MAYNARD NEXSEN PC
                                              4141 Parklake Avenue, Suite 200
                                              Raleigh, NC 27612

26

Telephone: (919) 573-7423
Facsimile: (919) 573-7454
E-mail: lsumner@maynardnexsen.com
*Attorneys for Plaintiff*

27

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. _____-cv-_____

21st MORTGAGE CORPORATION,  )
)
          Plaintiff,  )
)
v.  )
)
NEIL CARMICHAEL BENDER, II; *et al.*  )
)
          Defendants.  )

**VERIFICATION**

STATE OF _Tennessee_

COUNTY OF _Knox_

Troy D. Suggs, being first duly sworn, deposes and says:

    I am the Director of Communities of 21st Mortgage Corporation, the Plaintiff herein, and as such I am duly authorized to verify this Complaint; that I have read the foregoing Complaint and know the contents thereof; and that the facts contained therein are true, except as to matters and things alleged upon information and belief or which are based on the knowledge and information of others, and as to those matters and things, I am informed and believe them to be true.

_____
Print Name: Troy D. Suggs

Sworn to and subscribed before me
this the 15th day of February 2024.

_____
Notary Public

My Commission Expires:

_9/1/2026_

SYDNEY MOLLICA
STATE OF TENNESSEE
NOTARY PUBLIC
Comm. Exp. 8-1-2026
KNOX COUNTY

28